UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff/Respondent, <br><br> v. <br><br> JOSE FRANCISCO GELOVER-JEREZ; aka <br> RAUL PEREZ, <br> Defendant/Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CRIMINAL ACTION NO. H-08-134 <br> CIVIL ACTION NO.     H-14-675 <br><br> CRIMINAL ACTION NO. C-10-772 |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Movant Jose Francisco Gelover-Jerez AKA Raul Perez' ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (Dkt. No. 40).[1] The United States of America (the "Government") filed a motion for summary judgment (Dkt. No. 51), to which Movant filed an untimely response (Dkt. No. 55).

**I.  Background**

On March 12, 2008, Movant was charged in the Southern District of Texas – Houston Division with transporting illegal aliens within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(i) in Criminal Action No. H-08-134. Movant pled guilty on April 28, 2008. On August 11, 2008, U.S. District Judge Kenneth M. Hoyt sentenced Movant to 18 months imprisonment, a 3-year term of supervised release, and a $100 special assessment. Movant did not appeal. He satisfied his sentence and was released from custody on or about June 5, 2009, at which time his term of supervised release began.

On August 11, 2010, Movant was charged in the Southern District of Texas – Corpus Christi Division, Criminal Action No. C-10-772, with conspiracy to transport illegal aliens within the United States by a motor vehicle, placing in jeopardy the life of another person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I) & 1324(a)(i)(B)(iii) (Count 1); transporting named illegal aliens

---

1.  All citations to the docket sheet refer to Criminal Case No. H-08-134.

by means of a motor vehicle, placing named illegal alien's life in jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) & 1324(a)(1)(B)(iii) (Counts 2–4); and being a previously deported alien found unlawfully within the United States, in violation of 8 U.S.C. §§1326(a) & (b) (Count 5). On October 18, 2010, he pled guilty to Counts 1 and 5 pursuant to a written plea agreement in which he waived his rights to appeal or collaterally attack his sentence. (C-10-CR-772, Dkt. No. 18, ¶ 7.) On January 19, 2011, the undersigned judge sentenced Movant to 120 months imprisonment on each count, to run concurrently; a 3-year term of supervised release; and a $200 special assessment. Movant did not appeal. His judgment, entered on January 26, 2011, therefore became final on February 9, 2011, when the time for filing a notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i).

Meanwhile, on October 26, 2010, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision against Movant in the Houston case, H-08-CR-134, based on the Corpus Christi indictment in C-10-CR-772. Judge Hoyt granted the petition and thereafter transferred the revocation proceedings to the Corpus Christi Division. A hearing was held on January 19, 2011, during which Movant entered a plea of true to the violations in the petition. On January 19, 2011, the undersigned entered a Judgment for Revocation (Dkt. No. 24) and sentenced Movant to an additional 6 months imprisonment in H-08-CR-134, to be served consecutively to the term of imprisonment imposed in C-10-CR-772. Movant did not appeal. His judgment, entered on January 24, 2011, therefore became final on February 7, 2011.

Movant filed the instant § 2255 Motion on or about March 10, 2014.[2] Although Movant filed his motion in H-08-CR-134, he appears to challenge his conviction and sentence in C-10-CR-772.

---

2. Movant certified that he delivered his motion to prison authorities on March 10, 2014. (Dkt. No. 40 at 7.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain,* 149 F.3d 374, 376–78 (5th Cir. 1998).

## II. Movant's Claims

In his § 2255 motion, Movant complains that his counsel rendered ineffective assistance because he did not file an appeal in C-10-CR-772 after Movant asked him to do so. Movant also appears to claim that there was insufficient evidence to sustain his conviction in that case.

## III. Legal Standard

### A. Grounds for Filing a § 2255 Motion

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f).

**IV. Analysis**

Movant filed the instant § 2255 Motion on or about March 10, 2014—more than three years after his conviction and sentence in C-10-CR-772 became final and more than two years after the statute of limitations had expired. *See* 28 U.S.C. § 2255(f). In his Traverse in Response to Governments [*sic*] Rebuttal—which was also untimely—Movant claims that he failed to file a timely § 2255 motion because "his lawyer had deceived him about his appeal and ignored him during the months that the statute of limitations was running[,] and he only learned of his attorney's misconduct related to his ineffective assistance of counsel claims in February of 2014." (Dkt. No. 55.)

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, a movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Id.*

As a general rule in the Fifth Circuit, "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). However, a movant may be entitled to equitable tolling if he reasonably relied on misrepresentations made by his counsel. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *see also Holland v. Florida*, 560 U.S. 631 (2010) (holding that requiring "proof of [the attorney's] bad faith, dishonesty, divided loyalty, mental impairment or so forth" in a Section 2255 petition presenting an attorney misconduct claim was too rigid a standard to impose for equitable tolling). Still, "[m]ere attorney error or neglect is not an extraordinary

circumstance such that equitable tolling is justified." *Petty,* 530 F.3d at 366 (citing *Riggs,* 314 F.3d at 799).

Here, Movant's response to the Government's motion for summary judgment states that his counsel "deceived him about his appeal." Dkt. No. 51 at 2. However, Movant does not explain *how* his counsel deceived him, and his § 2255 motion itself states that after he told trial counsel he wanted to appeal, "instead of taking measures to appeal this petitioner's conviction, counsel had no contact with petitioner whatsoever after the sentencing hearing." (Dkt. No. 40 at 6.)

The Court finds two cases out of the Western District in Louisiana to be instructive: *United States v. Holder,* 2011 WL 2119239 (W.D. La. May 26, 2011), and *United States v. Antoine Smith,* 2000 WL 1455970 (W.D. La. Apr. 5, 2007). In both cases, the court held that an attorney's mere failure to file an appeal, and nothing more, would not warrant equitable tolling with respect to AEDPA's statute of limitations for filing a § 2255 motion alleging ineffective assistance of counsel, explaining :

> Ordinarily, an appeal must be filed within ten days after entry of the judgment. FED. R. APP. P. 4(b)(1)(A). [Petitioner] was certainly capable of checking with the Court of Appeals to determine whether an appeal had been filed. At some point within the habeas limitations period, [Petitioner]'s repeated inability to contact counsel should have compelled him to check with the Court of Appeals. Here, [Movant] did not contact the Court of Appeals until almost three months after the habeas limitations period had lapsed. [Petitioner]'s delay defeats any suggestion that he diligently pursued his habeas remedy. Accordingly, Defendant has not established that he is entitled to equitable tolling.

*Holder,* 2011 WL 2119239, at *5 (quoting *Smith,* 2000 WL 1455970, at *2) (internal citations omitted).

Here, as in *Holder* and *Smith*, Movant was capable of checking with the Fifth Circuit to determine whether an appeal had been filed on his behalf at some point in the year following his conviction and sentence, but he did not. In fact, it is unclear how Movant finally discovered, in February 2014, that an appeal was never filed.

Because Movant has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing, he is not entitled to

equitable tolling. Accordingly, the Court concludes that Movant's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred. Because the Court determines that the motion is time-barred—and because Movant waived the right to appeal or otherwise collaterally attack the sufficiency-of-the-evidence claim he also seeks to raise—the Court does not reach the merits of Movant's asserted grounds for relief.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying

upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (Dkt. No. 51) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 40) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 29th day of October, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE